**Messody T. PERLBERGER, etc., et al.**

v.

**Norman PERLBERGER, et al.**

**No. CIV. A. 97–4105.**

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1998.

---

Mary Huwaldt, Caplan & Luber, Paoli, PA, Joseph F. Rizzo, Rizzo & Associates, Darby, PA, for Messody T. Perlberger.

Messody T. Perlberger, Elkins Park, PA, pro se.

Karen D. Perlberger, Elkins Park, PA, pro se.

Joseph F. Rizzo, Rizzo & Associates, Darby, PA, for Karen D. Perlberger.

Norman Perlberger, Perlberger Law Associates, P.C., Norristown, PA, for Norman Perlberger, Perlberger Law Associates P.C., Amy S. Lundy Brennen.

Kean K. MC Donald, Mindee J. Reuben, Fox, Rothschild, O'Brien & Frankel, LLP, Philadelphia, PA, Kelly Himes Brolly, Fox, Rothschild, O'Brien & Frankel, LLP, Philadelphia, PA, for G. Daniel Jones, Jones, Hayward and Lenzi P.C.

William R. Solvibile, Philadelphia, PA, Jeffrey C. Schwartz, Allen L. Rothenberg, Philadelphia, PA, Michael P. O'Connor, Murphy and O'Connor, Philadelphia, PA, Norman Perlberger, Perlberger Law Associates, P.C., Norristown, PA, for Allen L. Rothenberg.

Francis J. Deasey, Deasey, Mahoney & Bender, Ltd., Philadelphia, PA, for U.S. Fire Ins. Co.

## SUPPLEMENTAL MEMORANDUM

PADOVA, District Judge.

After the issuance of Memoranda and Orders granting the Motions for Summary Judgment filed by Defendants Brennen, Rothenberg, Jones, and Jones, Hayward & Lenzi, the Court, through its own research, discovered the United States Court of Appeals for the Third Circuit ("Third Circuit") opinion in *Osei–Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir.1991). In *Osei–Afriyie*, the Third Circuit held that a parent, who was not an attorney, could not represent his minor children in federal court, and vacated a judgment entered against the children. At the present time, Plaintiff Messody Perlberger is representing herself and her minor child, Laura E. Perlberger, without the assistance of counsel. Under the clear authority of *Osei–Afriyie*, Messody Perlberger, who is not an attorney, is not entitled to represent her minor child in this litigation. Therefore, the Court will vacate those portions of its previous Memoranda and Orders granting summary judgment in favor of Defendants Brennen, Rothenberg, Jones, and Jones, Hayward & Lenzi and against Plaintiff Laura E. Perlberger and will stay Laura Perlberger's claims against the Defendants for thirty (30) days to allow Messody Perlberger to retain counsel to represent Laura Perlberger in this case.

## I. BACKGROUND

This case was filed on June 18, 1997 by Messody Perlberger, individually and on behalf of her two minor children, Karen D. Perlberger and Laura E. Perlberger. Although Plaintiffs did not have counsel when the case was filed, Plaintiff Messody Perlberger retained Mary Huwaldt as counsel early in the litigation. Ms. Huwaldt filed a RICO Case Statement and an Amended Count III (RICO) of the Complaint on behalf of Plaintiffs. (Doc. Nos. 29 & 30.) She also successfully defended against two subsequent Motions to Dismiss filed by Defendants, initiated written discovery and reviewed the documents requested by her, litigated various discovery disputes, and participated in settlement conferences. During the time that Ms. Huwaldt represented Plaintiffs, Ms. Huwaldt filed a Suggestion of Majority of Karen D. Perlberger and Motion to Substitute Karen D. Perlberger as a Party Plaintiff, which the Court granted. (Doc. Nos. 54 & 75.) Soon thereafter, Messody Perlberger filed a Praecipe for Re–Entry of Appearance as Pro Se Due to Discharging Counsel and Pending Securing New Counsel, and Ms. Huwaldt filed a Notice of Withdrawal of Appearance. (Doc. Nos. 60 & 68.)

Approximately a month after Ms. Huwaldt withdrew as counsel, Plaintiffs Messody Perlberger, individually and on behalf of Laura Perlberger, and Karen Perlberger retained

Joseph Rizzo to represent them.[1] Mr. Rizzo entered his appearance for Plaintiffs on July 16, 1998. (Doc. Nos. 96 & 97.) At Plaintiffs' request, the Court extended the discovery deadline from July 27, 1998 until September 10, 1998. (Doc. Nos. 102 & 117.) Mr. Rizzo completed discovery on behalf of Plaintiffs during this period.[2] On September 16, 1998, Mr. Rizzo petitioned to withdraw as counsel. (Doc. No. 131.) This Petition was unopposed by Plaintiffs and was granted by the Court. (Doc. No. 164.) Since the withdrawal of Mr. Rizzo, Plaintiffs have not retained new counsel and have been proceeding as pro se litigants in this action. Based on the fact that discovery had been completed and in light of the representations by Plaintiff Messody Perlberger that she was prepared to respond to the Defendants' Motions for Summary Judgment, the Court determined that the Motions for Summary Judgment were ripe for adjudication.[3]

In its Memorandum and Order entered on November 5, 1998, the Court granted the Motions for Summary Judgment filed by Defendants Brennen and Rothenberg and entered judgment in their favor and against all of the Plaintiffs. (Doc. No. 177.) In its Memorandum and Order entered on November 23, 1998, the Court granted the Motion for Summary Judgment filed by Defendants Jones and Jones, Hayward & Lenzi and entered judgment in their favor and against all of the Plaintiffs. (Doc. No. 197.)

## II. *DISCUSSION*

Although this case was filed almost a year and a half ago, the issue of Messody Perlberger's right to represent Laura Perlberger was never raised by the parties. Moreover, in response to Mr. Rizzo's Petition to Withdraw as Counsel, the only objection raised by Defendants to the Petition was based on

their concern that the action would be delayed. (Recording of 9/25/98 Hrg.) Finally, although the parties have filed numerous legal briefs in this case, they have never cited the *Osei–Afriyie* decision to the Court.[4]

In *Osei–Afriyie*, a father brought an action in his own right and as the father of his two minor children asserting tort law claims against a hospital and physician in connection with the children's treatment for malaria. The father, who was not a lawyer, represented himself and his children at trial without the assistance of legal counsel. A jury found that the father did not bring the suit on behalf of himself and his children within the applicable statute of limitations, and a jury verdict was entered against the father and his children. The Third Circuit affirmed the jury verdict to the extent that it found the father's own claims to be time-barred. However, the Third Circuit vacated that portion of the jury's verdict that dismissed the children's claims because the Third Circuit held that "a parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children." *Osei–Afriyie*, 937 F.2d at 878; *accord Collinsgru v. Palmyra Board of Education*, 161 F.3d 225, 227–28 (3d Cir.1998).

In *Osei–Afriyie*, no party raised the issue of whether the father could represent his children as a *pro se* litigant. Nevertheless, the Third Circuit held that the issue had not been waived because the right to counsel belonged to the minor children, and the parent cannot waive the right. *Osei–Afriyie*, 937 F.2d at 883. Similarly, although no party raised the issue of whether Messody Perlberger could represent Laura Perlberger as a *pro se* litigant, this Court holds that Laura Perlberger's right to counsel has not been waived. In order to protect Laura Perlberger's right to counsel, the Court will stay

---

1. Although certain discovery disputes were litigated before Magistrate Judge Smith during the month that Plaintiffs were not represented by counsel, no dispositive action was taken by the Court during this period.

2. *See* Order entered on November 23, 1998, denying Plaintiffs' Motion for Injunctive Relief. (Doc. No. 193.)

3. *See* Memorandum and Order entered on November 23, 1998 (Doc. No. 197) and Order entered on November 23, 1998 (Doc. No. 193).

4. It is unfathomable to the Court that the parties could proceed through Rule 56 motions without considering the impact of Messody Perlberger's *pro se* representation of her minor child. To the extent that the Court's ruling herein results in future procedural delays, the responsibility for this rests squarely at the feet of the parties.

Laura Perlberger's claims in this action for thirty (30) days to allow Messody Perlberger to retain counsel to represent her minor child. Because Laura Perlberger was not represented by counsel at the time the Court entered judgment in favor of Defendants Brennen, Rothenberg, Jones, and Jones, Hayward & Lenzi, the Court will vacate the portions of its previous Memoranda and Orders entering judgment in favor of the Defendants and against Laura Perlberger.[5]

Plaintiff Messody Perlberger is advised that, in the event that she does not retain counsel for Laura Perlberger within thirty (30) days of the date of this Supplemental Memorandum and Amended Order, the Court will dismiss without prejudice Laura Perlberger's claims against the Defendants. If that should occur, Laura Perlberger's claims will not accrue for purposes of the relevant statute of limitations until she reaches eighteen years of age, or sooner if she becomes an emancipated minor. *Osei–Afriyie*, 937 F.2d at 883; *see also* 42 Pa. C.S.A. § 5533 (West Supp.1998).

An appropriate amended Order follow.

### AMENDED ORDER

**AND NOW,** this 30th day of November, 1998, upon consideration of the Motions by Defendants Rothenberg, Brennen, Jones, and Jones, Hayward & Lenzi for Summary Judgment (Doc. Nos. 133, 135, and 136), Plaintiffs' Opposition (Doc. No. 166), Defendants' Replies (Doc. Nos. 168, 169, and 170), and Plaintiffs' Sur–Reply (Doc. No. 182), **IT IS HEREBY ORDERED** that

1. Defendant Rothenberg's Motion for Summary Judgment is **GRANTED,** as it pertains to Plaintiffs Messody T. Perlberger and Karen D. Perlberger. Judgment is entered in favor of Defendant Rothenberg and against Plaintiffs Messody T. Perlberger and Karen D. Perlberger.

2. Defendant Brennen's Motion for Summary Judgment is **GRANTED,** as it pertains to Plaintiffs Messody T. Perlberger and Karen D. Perlberger. Judgment is entered in favor of Defendant Brennen and against Plaintiffs Messody T. Perlberger and Karen D. Perlberger.

3. The Court's Memorandum entered on November 5, 1998 (Doc. No. 177) on the Motions for Summary Judgment by Defendants Rothenberg and Brennen is modified as set forth in the accompanying Supplemental Memorandum. In all other respects, the Memorandum is unchanged. The Court's Order entered on November 5, 1998 (Doc. No. 177) is **VACATED.**

4. The Motion for Summary Judgment by Defendants Jones and Jones, Hayward & Lenzi is **GRANTED,** only as it pertains to Plaintiffs Messody T. Perlberger and Karen D. Perlberger. Judgment is entered in favor of Defendants Jones and Jones, Hayward & Lenzi and against Plaintiffs Messody T. Perlberger and Karen D. Perlberger.

5. The Court's Memorandum entered on November 23, 1998 (Doc. No. 197) on the Motion for Summary Judgment by Defendants Jones and Jones, Hayward & Lenzi is modified as set forth in the accompanying Supplemental Memorandum. In all other respects, the Memorandum is unchanged. The Court's Order entered on November 23, 1998 (Doc. No. 197) is **VACATED.**

6. The claims by the minor child, Laura E. Perlberger, against all Defendants are stayed for thirty (30) days.

---

5. In all other respects, the previous Memoranda and Orders are unchanged.